UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTIAN A. CAPACCHIONE,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF AUDUBON,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-cv-1380-KMW-SAK<br><br><br>MEMORANDUM OPINION AND<br>ORDER |

**THIS MATTER** comes before the Court on Plaintiff Christian A. Capacchione's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 4-2) and the Court's *sua sponte* review of Plaintiff's Amended Complaint[1] (ECF No. 4) against Defendant Borough of Audubon ("Defendant"). Having reviewed the application, this Court finds that Plaintiff has shown an entitlement to proceed without prepayment of fees, and their application shall be granted. As

---

[1] Federal Rule of Civil Procedure 15(a)(1) provides that "A party may amend its pleading once as a matter of course within 21 days after serving it." Here, Plaintiff submitted their original Complaint along with an application to proceed *in forma pauperis* on February 20, 2025. (ECF No. 1). The Complaint has not yet been served as the case has been pending review on the IFP Application. On October 14, 2025, Plaintiff filed a second complaint (ECF No. 4) that was not identical but contained similar factual contentions as the first complaint and included only one defendant as opposed to the multiple defendants which were included in the original complaint. As such, the second complaint was filed as an Amended Complaint. An amended complaint "supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). In the Amended Complaint the Plaintiff states "I filed one of these in 2023 but you never even responded in any way." Upon investigation, the Court found no prior filings from the Plaintiff against the named defendants of either the original Complaint (ECF No. 1) or the Amended Complaint (ECF No. 4). As such, the Court does not find that this reference to a 2023 filing incorporates the original complaint by reference and the original Complaint (ECF No. 1) is deemed a legal nullity. Therefore, the operative complaint is the Amended Complaint (ECF No. 4). The parties that are named in the amended pleading are the only parties subject to the complaint. *See Green v. Domestic Rels. Section Ct. of Common Pleas Compliance Unit Montgomery Cnty.*, 649 F. App'x 178, 181 (3d Cir. 2016) (holding that the District Court properly treated the plaintiff's amended complaint as the operative complaint, which excluded law enforcement officers that were named in the original complaint bu were not named in the amended complaint.). The Court notes that in the case, the Amended Complaint names "Borough of Audubon Township" as the sole defendant. As such, the Court will only address the issues as to the Defendant Borough of Audubon.

1

Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with"

2

the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In their Complaint, Plaintiff asserts that on November 17, 2023, after being "unmedicated for 5 days after being forced to take medication for months" they were being chased by "an unknown enemy." (ECF No. 4 p. 5 ¶ 6). It is unclear how the Plaintiff's police interaction commenced, however, it seems that at some point officers from the Audubon Police Department approached the Plaintiff which resulted in the Plaintiff being handcuffed "after I got right on the ground and put my hands behind my back." *Id.* While handcuffed, Plaintiff alleges they were "brutally beaten by police of Audubon." (ECF No. 4 p. 4 ¶ b.) From the assault Plaintiff claims to have sustained injuries that resulted in "staples in [their] head, spine displasia, spindelosis, broken bones." *Id.* Plaintiff also alleges that the officers stole their watch, falsely charged them, and "lied all over news media." (ECF No. 4 p. 5 ¶ 6). The Plaintiff alleges that "a tumor developed from the head trauma confirmed by a doctor and many more injuries." *Id.* at ¶ 7.

The sole defendant in this case is the Borough of Audubon. Municipal liability does not attach under a theory of *respondeat superior* or vicarious liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Instead, municipal liability only attaches when "the execution of the government's policy or custom…inflicts the injury." *Id.* (quotations omitted). As such, to determine municipal liability the Court must inquire as to whether there was a "direct causal link between a municipal policy or custom and [the] alleged constitutional deprivation." *Id.* In this case, the Plaintiff's Amended Complaint asserts a claim under 42 U.S.C.§ 1983, describing excessive

police force used in the course of a stop and/or arrest in violation of Plaintiff's Fourth Amendment rights. To hold the Defendant liable, the Plaintiff is required to plead allegations of the Defendant's customs and/or policies that establish a direct causal link to the Fourth Amendment violations that resulted in the Plaintiff's injuries. The Plaintiff includes no such allegations. Because the Plaintiff does not provide sufficient detail to establish the Defendant's custom and/or policy that directly caused their injuries, Plaintiff fails to state a claim, and the Amended Complaint must be dismissed pursuant to Fed. R. Cv. P. 12(b)(6).

Therefore, **IT IS HEREBY** on this 31st day of October, 2025,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4-2) is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (ECF No. 4) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and the warden of the Camden County Correctional Facility; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees,

Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's claims against the Borough of Audubon are **DISMISSED WITHOUT PREJUDICE**[2]; and it is further

**ORDERED** that Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case;

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

KAREN M. WILLIAMS
United States District Judge

---

[2] To the extent that the Plaintiff wishes to amend their complaint to include the Audubon Police Dept., the Court notes that in New Jersey, a police department is not a separate entity from the municipality, it is "merely an administrative arm of the local municipality" rendering it an improper defendant that cannot be sued in conjunction with the municipality. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Foster v. Essex Cnty. Corr. Facility*, No. 23-1613 (BRM) (MAH), 2023 WL 6366563, at *6 (D.N.J. Sept. 28, 2023). As such, the Audubon Police Department would not be a proper defendant in this case.